# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

SEDRICK JEROME HODGE,

    Petitioner,

VS.          **1 : 10-CV-113 (WLS)**

DANNIE THOMPSON,

    Respondent.

## ORDER AND RECOMMENDATION

Presently pending in this § 2254 action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed and/or unexhausted (Doc. 10) and Petitioner's Motion for certiorari (Doc. 13).

### Background

On March 20, 2006, Petitioner entered a guilty plea to rape, aggravated battery, aggravated assault, and false imprisonment, for which he received life imprisonment plus forty (40) years (Doc. 11-3). On September 3, 2009, Petitioner filed a state habeas petition in the Superior Court of Macon County challenging his conviction (Doc. 11-1). The state habeas petition has not yet been decided.

*Motion to Dismiss (Doc. 10)*

Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Petition was signed on August 10, 2010, and filed on August 23, 2010 (Doc. 3).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas

petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

Petitioner did not file a direct appeal of his guilty plea, making the judgment of conviction final on April 19, 2006, the date on which the 30-day period for filing a notice of appeal expired.[1] Pursuant to 28 U.S.C. § 2244(d), Petitioner was required to file his state habeas petition by April 19, 2007 to toll the limitations period. Petitioner did not execute a state habeas petition until September 3, 2009 (Doc. 11-1), which was more than two years and four months after Petitioner's federal habeas period of limitations ran. The tolling provision of § 2244(d)(2) therefore does not protect Petitioner. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). As Petitioner filed his state and federal habeas petitions more than one year after his final conviction, the federal time limitations period has run and Petitioner's federal habeas Petition is untimely.

Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for Certiorari (Doc. 13)*

It appears Petitioner filed this Motion to request this Court to direct "the lower court's (sic) of Dougherty County" to set a date for his state habeas evidentiary hearing and provide

---

[1] Although Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, had Petitioner wished to pursue a discretionary appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.

Petitioner with direction or assistance regarding his claims. This Court does not have jurisdiction over Petitioner's state habeas proceeding. Further, this Court cannot provide assistance to Petitioner regarding his habeas claims. As there are no issues raised by Plaintiff's Motion for this Court to decide, Petitioner's Motion for Certiorari is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 20th day of April, 2011.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

llf